# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**MICROLUMEN, INC.,**

    **Plaintiff,**

v.                                               **Case No.  8:07-cv-350-T-17TBM**

**JEFFREY G. ALLEGRATI,**

    **Defendant.**
_____/

## O R D E R

THIS MATTER is before the court on **Plaintiff MicroLumen, Inc.'s Unopposed Motion to File Under Seal** (Doc. 23).  By its motion, Plaintiff seeks an order permitting it to file under seal any affidavits, deposition transcripts, or attached exhibits in support of its pending motion for preliminary injunction (Doc. 3) that contain or describe MicroLumen's confidential or trade secret information.  Additionally, Plaintiff seeks an order sealing any discovery documents marked "Confidential" to which the Defendant intends to refer at the preliminary injunction hearing.  In support, Plaintiff submits a copy of the Parties' Qualified Consent Agreement Governing Protection and Production of Confidential Information, Documents and Materials (Doc. 23, Exh. A), which governs the parties' handling and use of information, documents, and other materials designated as "Confidential."

The right of access to judicial records pursuant to common law is well established. See Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978); see also Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992); Wilson v. Am. Motors Corp.,

759 F.2d 1568, 1570 (11th Cir. 1985). This right extends to the inspecting and the copying of judicial records. See Nixon, 435 U.S. at 597. The right to access, however, is not absolute. See Globe Newspaper Co. v. Superior Court for Norfolk County, 457 U.S. 596, 598 (1982). When deciding whether to grant a party's motion to seal, the court is required to balance the historical presumption of access against any competing interest. See Newman v. Graddick, 696 F.2d 796, 803 (11th Cir. 1983). When parties request an order restricting access to pleadings and evidence filed with the court, such a request must be subject to heightened scrutiny.

Here, Plaintiff requests a broad range of documents that it seeks to seal in anticipation of the preliminary injunction hearing. However, Plaintiff does not identify documents with sufficient specificity to allow the court to determine whether sealing is appropriate, nor has Plaintiff followed the procedures set forth in Local Rule 1.09(a).

Accordingly, it is **ORDERED** that **Plaintiff MicroLumen, Inc.'s Unopposed Motion to File Under Seal** (Doc. 23) is **DENIED**.[1]

**Done and Ordered** at Tampa, Florida, this 30th day of April 2007.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record

---

[1] With respect to confidential documents and materials that the parties seek to introduce at the preliminary injunction hearing, the court will address the appropriateness of sealing particular items at the time of the hearing.