UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICROLUMEN, INC.,
a Florida corporation,

    Plaintiff,

vs.

CASE NO.: 8:07-cv-350-T-17TBM

JEFFREY G. ALLEGRATI,

    Defendant.
_____/

## AGREED FINAL JUDGMENT AND PERMANENT INJUNCTION

THIS CAUSE came on for consideration on the "Stipulation And Joint Motion For Entry Of Agreed Final Judgment And Permanent Injunction" filed by Plaintiff, MICROLUMEN, INC.. ("MicroLumen"), and Defendant, JEFFREY G. ALLEGRATI ("Allegrati"). The Court having reviewed the "Stipulation And Joint Motion For Entry Of Agreed Final Judgment And Permanent Injunction," having reviewed the "Settlement Agreement," attached thereto, and being otherwise fully advised in the premises, the Court makes the following findings:

    1.    Plaintiff, MicroLumen was founded in 1987 and MicroLumen is in the business of manufacturing and selling high performance polyimide tubing. MicroLumen employed defendant, Allegrati from 1998 until May 26, 2006. Allegrati executed an Employment Agreement on February 23, 1998, a true and correct copy of which is attached as Exhibit A to the Complaint (the "Agreement"). The Agreement imposed upon Allegrati certain contractual and fiduciary obligations in the form of restrictive covenants, and vested in MicroLumen certain rights as employer. Allegrati received adequate consideration for entering into the Agreement.

2. The employment of Allegrati with MicroLumen terminated on May 26, 2007, pursuant to Allegrati's voluntary resignation. Thereafter, Allegrati began working for himself as the owner of a newly formed corporation, Concentric MicroTubing, Inc. ("CMT"). CMT is in the business of manufacturing and selling polyimide tubing.

3. MicroLumen has legitimate business interests in enforcing the restrictive covenants in the Agreement against Allegrati and the Agreement is necessary to protect MicroLumen's legitimate business interests. MicroLumen's legitimate business interests include protection of its confidential, trade secret information, protection of its customer relationships, and protection of its relationships with its employees.

4. Injunctive relief is an appropriate remedy to enforce valid restrictive covenants. The restrictive covenants in the Agreement are reasonably necessary to protect MicroLumen's legitimate business interests and are enforceable. MicroLumen will suffer irreparable harm if injunctive relief is not granted. The harm to MicroLumen substantially outweighs any harm suffered by Allegrati as a result of the requested injunctive relief.

5. Entry of the requested injunctive relief will not violate public policy and the public interest does not substantially outweigh MicroLumen's interests in the relief.

6. Pursuant to a Settlement Agreement and Stipulation And Joint Motion For Entry Of Agreed Final Judgment And Permanent Injunction, the parties hereto have agreed to the entry of this Permanent Injunction.

Accordingly, it is hereby ORDERED AND ADJUDGED that:

A. The "Stipulation And Joint Motion For Entry Of Agreed Final Judgment And Permanent Injunction," is hereby, GRANTED.

B. A Permanent Injunction is hereby entered in favor of MicroLumen and against Allegrati. The terms of this Permanent Injunction are as follows:

1. From the date of this Permanent Injunction continuously through August 31, 2008, Allegrati, his business entities, agents, servants, employees and all those acting in concert with him shall not, directly or indirectly, engage in the manufacture, sale or other distribution of polyimide tubing with an inside diameter of less than .090 inches. Provided, however, this restriction will not prohibit Allegrati from providing value added features and services to tubing regardless of size, so long as the tubing less than .090 inches in diameter is provided by the customer, and not manufactured and/or purchased by Allegrati from another tubing company.

2. From the effective date of this Agreement continuously through May 26, 2009, Allegrati, his business entities, agents, servants, employees and all those acting in concert with him shall not, directly or indirectly advertise or solicit to manufacture, sell or otherwise distribute polyimide tubing with an inside diameter of less than .090 inches.

3. Allegrati, his business entities, agents, servants, employees and all those acting in concert with him shall not disclose any of the confidential / trade secret information filed under seal in the captioned action to any third party.

C. Absent further order of this Court, effective 5:00 p.m., May 26, 2009, the terms of this Permanent Injunction shall automatically dissolve and become null, void and of no further force or effect. At that time, Allegrati may engage in the manufacture and sale of polyimide tubing unencumbered by the parties' Settlement Agreement, this Order, this Permanent Injunction and this Court.

D. The Settlement Agreement entered into by the parties is hereby, in all of its terms and conditions, confirmed, ratified, and approved by this Court, and the terms and conditions of the Settlement Agreement are hereby incorporated by reference in this Agreed Final Judgment And Permanent Injunction.

E. The parties are hereby directed to comply with the terms and conditions of the Settlement Agreement in all respects.

F.    Except as set forth in this "Agreed Final Judgment And Permanent Injunction," all claims and causes of action for damages alleged in the Plaintiff's Complaint and Defendant's Counterclaim filed in this action, and any amendments thereto are hereby DISMISSED WITH PREJUDICE.

G.    This Court shall retain jurisdiction over the subject matter and the parties to this action for the purpose of enforcing the parties' Settlement Agreement and this Agreed Final Judgment And Permanent Injunction.

DONE and ORDERED in chambers at Tampa, Hillsborough County, Florida, this 27th day of November, 2007.

The Honorable Elizabeth A. Kovachevich
United States District Court Judge

Copies to:

Amy E. Stoll, Esquire
Andrew Froman, Esq.
Michael Honeycutt, Esq.